# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEXTER ELROY FLEMMING, : | CIVIL ACTION NO. |
|    Petitioner, : | 1:13-CV-1364-TWT-GGB |
|                    : | |
| v. : | |
|                    : | HABEAS CORPUS |
| U.S. DEPARTMENT OF : | 28 U.S.C. § 2241 |
| HOMELAND SECURITY, : | |
|    Respondent. : | |

## FINAL REPORT AND RECOMMENDATION

Petitioner, Dexter Elroy Flemming, an inmate at the Stewart Detention Center in Lumpkin, Georgia, seeks via 28 U.S.C. § 2241 to challenge the constitutionality of his current detention and his order of removal by an Immigration Judge. This matter is now before me for consideration of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). For the reasons discussed below, I recommend that the petition be dismissed without prejudice.

Rule 4, which applies to § 2241 pursuant to Rule 1(b), requires this Court to order summary dismissal of an application for habeas corpus "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Federal district courts have the authority under Rule 4 to pre-screen and dismiss a frivolous habeas corpus petition prior to any

answer or other pleading by the state when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Under 28 U.S.C. § 2241(a), habeas corpus petitions brought under § 2241 must be filed (with limited exceptions that do not apply here) in the judicial district which can acquire jurisdiction in personam over the complaining inmate or the inmate's custodian. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973); *see also Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) ("Section 2241 petitions may be brought only in the district court for the district in which the inmate is incarcerated."). In *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the Supreme Court pointed out that the jurisdictional restriction in § 2241(a), while not the same as subject matter jurisdiction, is something more than personal jurisdiction or venue, imposing a statutory restriction on when a court can issue a writ of habeas corpus. *Id.* at 444 (noting that a district court could not obtain jurisdiction over a habeas corpus respondent outside the court's jurisdiction by virtue of a long-arm statute).

Here, Petitioner is incarcerated at the Stewart Detention Center, which is located in the Middle District of Georgia. Thus, this Court does not have jurisdiction to entertain his § 2241 petition because he is not incarcerated in this district. *Padilla*, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent

and file the petition in the district of confinement."). Accordingly, Petitioner's action is subject to dismissal under Rule 4 because this Court lacks jurisdiction to consider his claims.

Furthermore, Petitioner cannot challenge his removal order in this Court, because the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5), expressly divests the district courts of jurisdiction in a petition challenging a final order of removal after denial of a citizenship claim. *See Madu v. U.S. Attorney General*, 470 F.3d 1362, 1367 (11th Cir. 2006); *see also Jordan v. Attorney General of United States*, 424 F.3d 320, 326 (3d Cir. 2005). Thus, this Court has no jurisdiction to entertain Petitioner's petition.

## Conclusion

For the reasons discussed above, **I RECOMMEND** that the instant petition be **DENIED** and that this action be **DISMISSED** without prejudice under Rule 4 for want of jurisdiction.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED** this 6th day of May, 2013.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)